UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTONIO MCCLAIN,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>KYNDRA SCOTT, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 3:25-CV-05366-TMC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: June 24, 2025 |

This prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. Plaintiff Antonio McClain, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Dkts. 5, 6. Upon review, the Court finds the complaint frivolous and recommends this action be dismissed without leave to amend in accordance with 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B).

**I.   BACKGROUND**

Plaintiff, an individual currently housed at Western State Hospital, initiated this action concerning the conditions of his confinement at various correctional facilities operated by the Washington State Department of Corrections ("DOC"). Dkt. 6 at 7. In particular, Plaintiff claims injuries resulting from technology that allegedly enables an individual to remotely control a

REPORT AND RECOMMENDATION - 1

male's voice, body, and sexual responses and describes various scenarios in which this technology was used to sexually abuse him and others. *Id.* at 9–13 (referring the technology as "clairvoyance or radio"). Plaintiff names the following DOC staff members as defendants for his claims: Kyndra Scott, Cynthia Goins, Gutierrez, Sarah Peak, and Melissa Power. *Id.* at 3–5. He also names twenty-one other individuals as potential plaintiffs or injured parties. *Id.* at 2. Plaintiff requests $600,000 in damages for himself and the same amount on behalf of each additional plaintiff identified in the complaint. *Id.* at 14.

## II.  SCREENING STANDARD

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

To sustain a 42 U.S.C. § 1983 claim, a plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988*); Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

After informing a *pro se* litigant of any pleading deficiencies, a court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be

REPORT AND RECOMMENDATION - 2

cured through amendment. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). However, if the claims put forth in the complaint lack any arguable substance in law or fact, then the complaint must be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In contrast to the standard of review applicable under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the PLRA's standard for frivolousness "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 327). Thus, determining frivolousness is a matter of discretion, and a finding of factual frivolousness is appropriate where "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. That is, factual frivolousness necessitating dismissal exists if the Court, in its discretion, finds the factual contentions and scenarios alleged in a complaint are "clearly baseless," "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 327–28. On the other hand, a complaint is legally frivolous where it asserts claims against individuals who are clearly immune from suit and/or alleges violation of unfounded or nonexistent legal rights. *Id.* at 327.

### III.   DISCUSSION

Having screened Plaintiff's complaint, the Court finds it frivolous and subject to dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). Plaintiff's contentions about the

existence of technology to control a man's mind, body, and sexual responses are categorically delusional and fanciful, as are the factual scenarios in which he claims the technology was used to abuse him, other inmates, and correctional staff. *See*, *e.g.*, *Yacoub v. United States*, No. C07-1415-RSM, 2007 WL 2745386, at *1 (W.D. Wash. Sept. 20, 2007) (dismissing action as frivolous where *pro se* plaintiff alleged injuries from use of "toxic chemicals, telepathy, color coding, astral bodies, electromagnetic waves, and other methods to control his mind and bodily functions").

Further, with respect to the twenty-one individuals identified as additional plaintiffs in this action, Plaintiff is the only individual who has signed the complaint and, as a *pro se* litigant, he may not assert claims on behalf of other persons and lacks standing to personally recover for injuries allegedly suffered by others. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir.1997); *Cato v. United States*, 70 F.3d 1103, 1105 n. 1 (9th Cir.1995); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). *Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."); *Wasson v. Sonoma Cnty. Junior Coll.*, 203 F.3d 659, 663 (9th Cir. 2000) ("Parties ordinarily are not permitted to assert constitutional rights other than their own."). Therefore, in addition to factual frivolousness, Plaintiff's claims asserted on behalf other persons identified in his complaint are legally deficient and may not proceed, even if he believes those persons suffered injuries similar to him.

In sum, Plaintiff's complaint, even liberally construed, is frivolous within the meaning of the PLRA. 28 U.S.C. § 1915A(b)(1); *see also* 1915(e)(2)(B). Because the complaint is frivolous, it should be dismissed without leave to amend. See *Lopez v. Smith*, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend").

## IV. CONCLUSION

For the above stated reasons, the undersigned recommends this action be dismissed as frivolous and without the opportunity to amend.[1]

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 24, 2025**.

Dated this 9th day of June, 2025.

David W. Christel
United States Magistrate Judge

---

[1] Dismissal on the recommended grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

REPORT AND RECOMMENDATION - 5